IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JACK M. PIERCE,                               3:10-CV-1399-BR

          Plaintiff,

                                              OPINION AND ORDER
v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


DAVID B. LOWRY
9900 S.W. Greenburg Road
Columbia Business Center, Suite 130
Portland, OR 97223
(503) 245-6309

          Attorneys for Plaintiff


S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1  -  OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**RICHARD RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3717

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Jack M. Pierce seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which the ALJ denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

     Plaintiff filed his protective application for SSI on October 12, 2004.  Tr. 81-82.[1]  His applications were denied initially and on reconsideration.  Tr. 81-82.  An Administrative

---

    [1]Citations to the official transcript of record filed by the Commissioner on January 25, 2011, are referred to as "Tr."

Law Judge (ALJ) held a hearing on August 9, 2007.  Tr. 43.  At the hearing, Plaintiff was represented by an attorney.  Tr. 43. Plaintiff and a Vocational Expert (VE) testified at the hearing. Tr. 45-80.

The ALJ issued an opinion on December 13, 2007, and found Plaintiff was not disabled and, therefore, was not entitled to benefits.  Tr. 24-36.  On August 28, 2008, the Appeals Council remanded the portion of the decision denying Plaintiff's application for SSI.  Tr. 12-14.  The Appeals Council, however, upheld the ALJ's disability determination with respect to Plaintiff's application for DIB and that decision became the final decision of the Commissioner on August 28, 2008.  Tr. 5-7, 12.

On September 18, 2008, Plaintiff filed a complaint in this Court (No. 08-CV-1091-AA) challenging the Commissioner's decision as to his application for DIB.

On December 11, 2009, Chief Judge Ann L. Aiken issued an Opinion and Order in which she reversed the Commissioner's decision to deny Plaintiff's application for DIB and remanded for further proceedings.  Tr. 566-88.

An ALJ held a second hearing on September 1, 2010.  Tr. 782. At the hearing Plaintiff was represented by an attorney.     Tr. 782.  Plaintiff and a VE testified at the hearing.  Tr. 785-822.

The ALJ issued an opinion on September 9, 2010, and found

3    -   OPINION AND ORDER

Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 518-27. That decision became the final decision of the Commissioner.[2]

On November 10, 2010, Plaintiff filed his Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was fifty-four years old at the time of the second hearing before the ALJ. Tr. 82, 782. Plaintiff reports "zero" education. Tr. 801. He has performed past work as a truck driver and a laborer. Tr. 814-15. Plaintiff alleges a disability onset date of May 14, 2003. Tr. 128-31.

Plaintiff has been diagnosed with type II diabetes, mild diabetic neuropathy, coronary artery disease, traumatic osteoarthritis, mild degenerative joint disease of the knees, mild scoliosis, mild to moderate degenerative disc disease of the middle to lower lumbar spine (prominent at L5-S1 level), hypertension, hepatitis C, gastroesophageal reflux disease, and mild esophagitis. Tr. 367, 407, 466-67, 732-35, 770, 772.

---

[2] The Court notes the individual who compiled and indexed this Record did not list the Jurisdictional Documents. Tr. 607. Although the Court could not locate in the record a document reflecting the Appeals Council's denial of Plaintiff's request for review of the September 9, 2010, decision by the ALJ, Plaintiff asserts, and the Commissioner has stipulated, the ALJ's decision is the final decision of the Commissioner for purposes of this Court's review.

Plaintiff alleges he is disabled due to dizziness; shortness of breath; pain in his ankles, knees, neck, chest, arms, and lower back; limitations on his ability to sit, stand, and walk; limitations on his ability to maintain concentration, persistence, and pace; limitations on his ability to grasp, to lift, and to carry; and limitations on his ability to hear and to see. Tr. 786-810.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After reviewing the medical records, the Court adopts the ALJ's summary of the medical evidence. *See* Tr. 520-26.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whethis it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential

inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of

8   -   OPINION AND ORDER

jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 14, 2003, the alleged onset date of Plaintiff's disability. Tr. 520.

At Step Two, the ALJ found Plaintiff has the severe impairments of diabetes, degenerative joint disease of both knees, coronary artery disease status post-myocardial infarction, lumbar degenerative disc disease, and scoliosis. Tr. 520.

At Step Three, the ALJ concluded Plaintiff's impairments do not singly or in combination meet or equal a Listed Impairment. *See* 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff had the RFC to

> perform light work as defined in 20 C.F.R.
> 404.1567(b) and 416.967(b) except he cannot
> climb ladders or work around unprotected
> heights. He is limited to occasional
> climbing of stairs and occasional crawling,
> crouching, kneeling, balancing, and stooping.
> He needs to change positions hourly.

Tr. 521.

At Step Four, the ALJ concluded Plaintiff is unable to perform any of his past relevant work.  Tr. 525.

At Step Five, the ALJ concluded Plaintiff has a sufficient RFC to perform jobs that exist in significant numbers in the national economy.  Tr. 525-26.  Specifically, the ALJ found Plaintiff has the ability to perform jobs that require light work such as hand packager and production assembler.  Tr. 526.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly discrediting Plaintiff's subjective symptom testimony; (2) improperly discrediting the testimony of lay-witnesses Dawn Winchester, Joni Hadley, and Robert Kufus; (3) failing to include all of Plaintiff's severe impairments at Step Two; (4) failing to consider Plaintiff's nonsevere impairments when he evaluated Plaintiff's RFC; and (5) failing to include all of Plaintiff's functional limitations in his hypothetical to the VE.

**I.   The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons in accordance with SSR 96-7p for rejecting Plaintiff's testimony as not credible.

In *Cotton v. Bowen* the Ninth Circuit established two

requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can "reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so." *Williamson v. Comm'r of Soc. Sec.*, No. 10-35730, 2011 WL 2421147 (9th Cir. June 17, 2011)(quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007)).  General assertions that the claimant's testimony is not credible are insufficient.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  The ALJ's credibility finding "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the

individual's statements and the reasons for that weight." SSR 96-7p, at *2.

Plaintiff testified he suffers from significant pain in his knees, ankles, lower back, neck, arms, and chest. Tr. 786-810. Plaintiff attested he can stand for only half an hour due to pain in his knees, can walk "about a block" before needing to stop and to rest due to shortness of breath, can spend only one hour out of an eight-hour work day standing, can sit for only half an hour due to pain in his lower back, and can spend four hours out of an eight-hour workday sitting. Tr. 789-92, 799. Plaintiff testified he has difficulty gripping objects and that he regularly drops objects such as coffee cups and pencils. Tr. 795. He attested he suffers from muscle cramps, muscle spasms, and the rare onset of locked joints. Tr. 794-99. Plaintiff also testified he has difficulty seeing and hearing. Tr. 800-01.

The ALJ found Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]." Tr. 522.

The ALJ found Plaintiff's testimony (1) is undermined by Plaintiff's work history, (2) is inconsistent with the medical

record, (3) is belied by Plaintiff's activities of daily living (ADLs), and (4) is undermined by inconsistent statements. Tr. 522-23.

The ALJ found the record reflects Plaintiff did not leave work in 2003 due to a disability but rather stopped working because his temporary job ended and his mother and father requested he come to Oregon to help with their care.  Tr. 522. The record, in fact, reflects Plaintiff was able to care for his parents and continued to seek work after relocating to Oregon. Tr. 349.  Leaving work for nondisability reasons is a legitimate basis for discrediting a claimant's subjective symptom testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).  The record suggests Plaintiff is not as limited as his testimony suggests.

The ALJ also notes Plaintiff's stated limitations are not consistent with the medical evidence in the record.  For example, the ALJ pointed to the treatment notes of Andreea L. Andone, M.D., Plaintiff's treating cardiologist, in which Dr. Andone indicated she would not support Plaintiff's request for disability.  Tr. 461.  The ALJ also pointed out that the opinions of examining physicians Leslie Davidoff, M.D., and Patrick Radecki, M.D., contradict Plaintiff's stated limitations. Tr. 523-24.  Dr. Davidoff examined Plaintiff on January 3, 2005, and noted Plaintiff's complaints of disabling pain from multiple

13  -  OPINION AND ORDER

joint problems, heart disease, and peripheral neuropathy.  Tr.
364-65.  Contrary to Plaintiff's stated limitations, Dr. Davidoff
observed Plaintiff's "[m]otor strength is 5/5 in the upper and
lower extremities. . . .  He has normal grip and fine and gross
manipulations."  Tr. 367.  Dr. Davidoff also concluded Plaintiff
can "stand and/or walk between 2-6 hours in an eight-hour day,"
"can sit without restrictions," and does not have any
"manipulative . . . restrictions."  Tr. 367.

     Dr. Radecki examined Plaintiff on April 23, 2009, and noted
Plaintiff's complaints of severe neck pain, lower back pain
(rated "20 on a scale of 10"), chest pain, blurry vision, and
numbness in his elbows and feet.  Tr. 766-67.  Dr. Radecki noted
Plaintiff moved around without difficulty, bent fully at the
waist to remove his shoes, used his arms with "great dexterity,"
had anormal gait, and his grasping ability was "fully intact."
Tr. 767-69.  Dr. Radecki found Plaintiff exhibited "excellent"
range of motion in his neck and "fairly good" range of motion in
his lower back without radicular symptoms in either.  Tr. 770.
Dr. Radecki also noted when testing Plaintiff's vision with a
Snellens eye chart that his vision without lenses was 20/25 in
both eyes.  Tr. 767.  Ultimately Dr. Radecki concluded Plaintiff
has the ability to stand, to walk, and to sit without limitation;
to lift and to carry normally; and to hear, to speak, to handle,
and to travel normally.  Tr. 770.  Dr. Radecki concluded

Plaintiff's "functional ability seems to be better than what he says." Tr. 770.

The opinions of Drs. Radecki and Davidoff, which include conclusions based on objective medical testing, persuasively suggest Plaintiff's impairments are not as severe as he attested. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

The ALJ also discredited Plaintiff's subjective symptom testimony on the ground that Plaintiff's ADLs belied his claims of extreme functional limitations. Tr. 523. For example, the ALJ noted the Third Party Function Report by Dawn Winchester, Plaintiff's friend, reflects Plaintiff's lifestyle is more active than he attested. Tr. 162-70. Winchester reported Plaintiff spent his days caring for his elderly father, working around the house and in the yard, and performing household chores and repairs. Tr. 162-66. In addition, Plaintiff reported to an emergency-room physician in 2006 that he had been riding a bicycle and reported to another emergency-room physician in 2008 that he had been doing yard work. Tr. 696, 711-12. Moreover, Dr. Radecki reported in his notes from his 2009 examination of Plaintiff that  Plaintiff stated he could shop, buy groceries, vacuum, do dishes, and that "standing is no trouble." Tr. 767.

Thus, the ALJ's conclusion that Plaintiff is not as limited as he attested at the hearing is supported by evidence in the record that suggests Plaintiff is more capable that he described.

Finally, the ALJ also noted even though Plaintiff attested he cannot read or write, Plaintiff stated in his Disability Report that he could read English and could write more than his name. Tr. 135, 801.

After considering the record as a whole, the Court finds the ALJ provided legally sufficient reasons supported by substantial evidence in the record for finding Plaintiff's testimony not entirely credible. The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

## II. The ALJ properly rejected the lay-witness statements of Dawn Winchester, Jodi Hadley, and Robert Kufus.

Plaintiff also contends the ALJ erred by failing to provide legally sufficient reasons for rejecting the lay-witness statements of Dawn Winchester, Joni Hadley, and Robert Kufus.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

**A.   Dawn Winchester.**

Winchester provided Function Reports in 2003, 2008, and 2010 describing Plaintiff's daily functioning.  Tr. 162-70, 635-42, 664-71.  In 2003 and 2008 Winchester described Plaintiff as consistently able to perform household chores, to care for his daily needs, to shop, and to prepare meals.  Tr. 163-65, 636-38. Winchester otherwise described Plaintiff as limited in his ability to walk, to stand, to sit, to bend, to squat, to kneel, to lift, to climb stairs, to hear, to see, and to remember. Tr. 167, 640.  In her 2010 report Winchester described Plaintiff as significantly more limited with marked limitations on his ADLs; unable to walk more than a block before needing to rest; "extreme" levels of pain, dizziness, and repeated episodes of decompensation; and a "complete inability to function independently outside the area of [his] home."  Tr. 664-68.

The ALJ summarized the statements by lay-witness Winchester and found her descriptions of Plaintiff's daily activities to be "generally credible."  Tr. 524.  The ALJ, however, concluded Winchester's description of Plaintiff's functional limitations are inconsistent with the medical evidence, which does not demonstrate Plaintiff needs a cane or a wheelchair; does not reflect a diagnosis of depression, any episodes of decompensation, or a basis for Plaintiff's dizziness; and reflects Plaintiff is able to walk substantially more than

17  -  OPINION AND ORDER

Winchester described.  Tr. 524.

The Court has concluded the ALJ properly discounted Plaintiff's credibility, particularly with respect to Plaintiff's statements concerning the severity, persistence, and limiting effects of his pain.  Thus, to the extent that Winchester's testimony is based on Plaintiff's subjective complaints of pain or exaggerated pain behavior, Winchester's observations are not reliable in determining Plaintiff's ability to perform work-related functions.

The Court finds the record contradicts the extreme level of incapacity described by Winchester.  In particular, as noted by the ALJ, the opinions of examining physicians Radecki and Davidoff contradict several of the limitations described by Winchester, including Plaintiff's ability to bend, to walk, to stand, to see, etc.  Tr. 364-67, 766-70.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses.  Inconsistency with medical evidence is one such reason.")(internal citation omitted).

The Court, therefore, concludes on this record that the ALJ provided reasons germane to Winchester's statements and supported by substantial evidence in the record for the minimal weight he assigned to her statements about Plaintiff's limited ability to function.

18  -  OPINION AND ORDER

**B.    Joni Hadley.**

Hadley provided a Witness Statement in June 2010 describing Plaintiff's functionality.  Tr. 672-79.  Hadley described Plaintiff as being markedly limited in his ADLs, as suffering from significant pain in his ankles and numbness in his hands, as having reduced concentration and pace (mild to moderate limitation), as being short-tempered, and as suffering repeated episodes of decompensation.  Tr. 672-79.

The ALJ expressly considered Hadley's statement and found her description of Plaintiff's limitations not credible in light of the medical evidence in the record, particularly the lack of medical evidence as to Plaintiff's difficulties with concentration or pace and of numbness in Plaintiff's hands.  Tr. 524.  For example, Dr. Radecki concluded Plaintiff's neurological function was normal, his sensation in his upper limbs was "entirely normal," he did not show any evidence of radicular symptoms, his fine and gross motor skills were normal, and he did not have any limitations on his ability to grip even with repetition.  Tr. 769-70.  Dr. Davidoff made similar findings.  Tr. 366-67.  As noted, inconsistency with the medical evidence is a sufficient basis to disregard lay testimony.

**C.    Robert Kufus.**

Kufus provided a Witness Statement in July 2010 describing Plaintiff's functional limitations.  Tr. 680-87.  Kufus described

Plaintiff's limitations on his functionality and his ADLs as "moderate."  Tr. 680-81.  Kufus stated Plaintiff seems to always be in "some short [sic] of pain," including pain in his knees, back, wrists, fingers, and knees.  Tr. 681-83.  Kufus also stated Plaintiff complained of dizziness.  Tr. 683.  Kufus did not otherwise describe any specific limitations on Plaintiff's ability to function.

The ALJ summarized Kufus's statement and found it to be "generally credible."  Tr. 524.  The ALJ, however, noted the record reflects Plaintiff has been able to maintain an active lifestyle despite his pain and is able to care for his father, to do outdoor chores, to perform household chores, etc.  Tr. 524.

The Court notes the ALJ does not deny that Plaintiff's impairments cause him some pain.  Plaintiff, however, contends the ALJ erred when he relied on Plaintiff's ADLs in the context of Kufus's statement because Plaintiff contends he need not demonstrate his complete incapacity to prove he is disabled.  Although this is an accurate statement of the law, the ALJ used Plaintiff's ADLs as a means to explain why Kufus's statement does not warrant great weight because it only reflects Plaintiff's complaints of pain rather than demonstrating the specific limiting effects of Plaintiff's pain.  As noted, the ALJ found Plaintiff's limitations were not as significant as portrayed by Plaintiff.  In addition, the ALJ did not use Plaintiff's ADLs as

the sole basis for finding Plaintiff is capable of performing work-related functions on a regular and sustained basis.

Accordingly, the Court concludes the ALJ provided legally sufficient reasons germane to each lay witness for the weight he afforded their statements.

## III. The ALJ did not err at Step Two.

Plaintiff contends the ALJ erred at Step Two when he found Plaintiff's ankle impairment and dizziness are not severe impairments.

The ALJ determined Plaintiff's testimony as to his remote ankle injuries did not provide a basis for finding any resulting functional limitations.  Tr. 521.  The ALJ also concluded the record does not establish Plaintiff's dizziness is a medically determinable impairment.  Tr. 520-21.

A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521(a), 416.921(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a),(b), 416.921(a),(b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-

workers, and usual work situations; and dealing with changes in a
routine work setting. *Id.* Only acceptable medical sources can
establish medically determinable impairments. *Ukolov v.
Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005). See also 20
C.F.R. §§ 404.1513(a), 416.913(a).

The Step Two threshold is low:

> [A]n impairment can be considered as not
> severe only if it is a slight abnormality
> which has such a minimal effect on the
> individual that it would not be expected to
> interfere with the individual's ability to
> work . . . . [T]he severity regulation is to
> do no more than allow the Secretary to deny
> benefits summarily to those applicants with
> impairments of a minimal nature which could
> never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).
The Ninth Circuit describes Step Two as a "*de minimus* screening
device to dispose of groundless claims." *Smolen*, 80 F.3d at
1290. *See also Webb v. Barnhart*, 433 F.3d 683, 686-88 (9th Cir.
2005). "Great care should be exercised in applying the not
severe impairment concept." SSR 85-28, at *4.

Plaintiff contends "[t]here was ample evidence in the
medical record, from Plaintiff's own testimony and the evidence
of lay witnesses, that [Plaintiff's dizziness and ankle
impairments] are severe impairments for Plaintiff." As noted,
however, only an acceptable medical source can establish a
medically determinable impairment. *See Ukalov*, 420 F.3d at 1006.
See also 20 C.F.R. §§ 404.1513(a), 416.913(a). Although

22  -  OPINION AND ORDER

Plaintiff maintains the medical evidence establishes these impairments as severe, he does not identify any such evidence in the record.  In his April 2009 examination, Dr. Radecki did not note any complaints by Plaintiff about his ankle impairments or resulting pain, did not find any instability in Plaintiff's gait, did not find any "foot drop," and concluded Plaintiff's lower limbs were orthopedically "normal."  Tr. 766-70.  Similarly, neither Dr. Radecki nor Dr. Davidoff noted any complaints of dizziness from Plaintiff or established any functional limitations resulting from dizziness.  Tr. 365-67, 766-770.

Accordingly, the Court finds on this record that the ALJ did not err when he found Plaintiff's dizziness and ankle impairments are not severe.

**IV.  The ALJ did not err in evaluating Plaintiff's RFC.**

Plaintiff also contends the ALJ erred when he evaluated Plaintiff's RFC because he failed to discuss Plaintiff's ability to work on a regular and sustained basis as required by SSR 96-8p and did not consider all of Plaintiff's nonsevere impairments such as anxiety; dizziness; ankle pain; and reduced concentration, stamina, and pace.  Plaintiff also contends the ALJ "ignored [Plaintiff's] knee and back impairments [that] he found were 'severe'" when he failed to include any standing or walking limitations.

Social Security Regulation 96-8p provides in relevant part:

> Ordinarily, RFC is the individual's maximum
> remaining ability to do sustained work
> activities in an ordinary work setting on a
> regular and continuing basis, and the RFC
> assessment must include a discussion of the
> individual's abilities on that basis.  A
> "regular and continuing basis" means 8 hours
> a day, for 5 days a week, or an equivalent
> work schedule. . . .  RFC is assessed by
> adjudicators at each level of the
> administrative review process based on all of
> the relevant evidence in the case record,
> including information about the individual's
> symptoms and any "medical source
> statements"--i.e., opinions about what the
> individual can still do despite his or her
> impairment(s)--submitted by an individual's
> treating source or other acceptable medical
> sources.

SSR 96-8p, at *2 (footnotes omitted).

Here the ALJ dedicated more than five pages of his decision
to a discussion of the evidence from Plaintiff, from lay
witnesses, and from medical sources when he was evaluating
Plaintiff's RFC.  Tr. 520-25.  As the Court has already
concluded, the ALJ adequately explained his rationale for
accepting some but not all of Plaintiff's testimony and the lay-
witness statements.  With respect to the evidence from medical
sources, the ALJ, in fact, found Dr. Davidoff's opinion reflected
Plaintiff's back and knee impairments require him to change
positions every hour in order to sustain light work.  Tr. 366-67,
521, 525.  The ALJ also concluded the record did not reflect
Plaintiff's ability to perform work-related functions is limited
by dizziness, ankle impairments, or anxiety.  Tr. 520-21.

24  -  OPINION AND ORDER

Finally, even though Plaintiff contends the ALJ did not properly consider "the reduced concentration, stamina, and pace which would logically result from chronic pain," Drs. Radecki and Davidoff, Plaintiff's examining physicians, did not identify any such limiting effects.  Dr. Radecki found Plaintiff's gross mental status is "excellent."  Tr. 766.  In addition, Disability Determination Services (DDS)[3] psychologist, Bill Hennings, Ph.D., assessed the record in May 2009 and concluded the record did not support a finding of any mental impairment such as depression or any mental functional limitations on Plaintiff's ability to maintain concentration, persistence, or pace.  Tr. 752-65.

Ultimately Plaintiff does not identify any specific evidence in the record that contradicts these conclusions by the ALJ, and the Court does not find any evidence to undermine the ALJ's assessment of Plaintiff's RFC.

**V.  The ALJ's hypothetical to the VE was complete.**

Finally, Plaintiff contends the ALJ's hypothetical to the VE was inadequate because it did not contain all of Plaintiff's work-related limitations.  Having concluded the ALJ did not err in his assessment of Plaintiff's RFC, the Court finds Plaintiff does not identify any basis for the Court to conclude the ALJ's

---

[3] Disability Determination Services (DDS) is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a).

25  -  OPINION AND ORDER

hypothetical to the VE was erroneous.

In summary, the Court has reviewed the record in its entirety with respect to each of Plaintiff's contentions that the ALJ erred and concludes the ALJ has provided legally sufficient reasons for his decision that are supported by substantial evidence in the record.  Accordingly, the Court affirms the decision of the Commissioner.


<u>**CONCLUSION**</u>

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 7th day of February, 2012.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


26  -  OPINION AND ORDER